Filed 11/5/15  Colonial Pacific Leasing Corp. v. Kazi CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| COLONIAL PACIFIC LEASING CORPORATION, etc., et al.,<br><br>    Plaintiffs and Respondents,<br>        v.<br><br>FATIMA KAZI,<br><br>    Defendant and Appellant. | B257599<br><br>(Los Angeles County<br>Super. Ct. No. BC483162) |

APPEAL from a judgment of the Superior Court of Los Angeles County. William F. Fahey, Judge.  Reversed and remanded with directions.

Gareeb Law Group, Alexander S. Gareeb and Fadi K. Rasheed; Richard A. Kraslow and Richard A. Kraslow for Defendant and Appellant.

Reed Smith, Farah Tabibkhoei and Alexander Terras, for Plaintiffs and Respondents.

_____

Colonial Pacific Leasing Corporation and GE Capital Commercial, Inc. (collectively, GE) brought the instant fraudulent conveyance action to set aside a transfer from its debtor Khatija Kazi (mother) to the debtor's daughter Fatima Kazi (daughter). GE was successful at trial and obtained a judgment against daughter setting aside the transfer. While daughter's appeal was pending, mother satisfied her underlying debt. As the debt has been satisfied, GE is no longer a creditor of mother and the matter is moot. We therefore reverse the judgment and remand with directions that the action be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant history is simple and undisputed. In November 2010, GE brought suit against mother, obtaining a judgment against her in the amount of $9.9 million. While that action was pending, mother transferred her mansion to daughter. It was this transfer that GE sought to set aside as fraudulent. The operative complaint asserted a single cause of action, for fraudulent transfer.

On June 16, 2014, GE obtained a judgment declaring the transfer of the home from mother to daughter null and void. Daughter filed a timely notice of appeal.

While the appeal was pending, mother satisfied the underlying judgment. On April 1, 2015, GE filed an acknowledgement of satisfaction of judgment. As such, GE is no longer a creditor of mother, and has no interest in obtaining the house.[1] GE sought to dismiss the appeal as moot. We denied the motion on the basis that a dismissal would leave standing the judgment voiding the transfer from mother to daughter, leaving daughter with no basis to claim title to the property.

---

[1]    In its motion to dismiss the appeal as moot, GE argued that mother and daughter "are free to restore the *status quo ante* with respect to the residential real estate that is the subject of this action."

## DISCUSSION

It cannot reasonably be disputed that the case is moot. Daughter herself argues that a fraudulent transfer action is moot and must be dismissed if the plaintiff is no longer a creditor of the debtor-transferor.**2** (*Allard v. DeLorean* (9th Cir. 1989) 884 F.2d 464, 466.)

The usual practice when a case becomes moot pending appeal is dismissal of the appeal. (*County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1005.) "But involuntary dismissal of an appeal operates as an affirmance of the judgment below. [Citations.] If the appellate court wishes to avoid this result (for example, when the trial court granted relief that is rendered improper due to the mootness of the action), it can do so by reversing the judgment solely for the purpose of restoring the matter to the jurisdiction of the superior court with directions for that court to dismiss the action. [Citations.] This approach disposes of the case, not merely the proceeding that brought it to the appellate court. [Citation.]" (*Ibid.*) This resolution removes any implication that the 'less-than-fully litigated judgment' has any continuing validity or effect. (*Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2011) 198 Cal.App.4th 939, 944.) As there is no longer any basis for the judgment declaring the transfer null and void, reversal and remand with directions to dismiss is the proper disposition of this matter.

---

**2**    However, daughter suggests that we should nonetheless resolve the appeal on the merits. Specifically, daughter argues on appeal that the trial court erred in excluding evidence that purportedly would have shown that mother's debt to GE had been satisfied *at the time of trial*. Daughter believes we should decide the issue of the relevance of her evidence, as the issue will arise again in a currently pending action between mother and GE for an accounting. While the issue of *when* GE was fully paid (and, therefore, if any overpayments were made) may be of continuing interest in the accounting action, it is not at issue in this case. This case consists of a single cause of action to set aside a fraudulent transfer; the undisputed fact that GE *has* been fully paid mandates dismissal of the action.

3

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court for dismissal of the action as moot.  The parties are to bear their own costs on appeal.


                                        RUBIN, J.

WE CONCUR:


        BIGELOW, P. J.


        GRIMES, J.

4